UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20641-RAR

**STEVEN LEONARD**, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

**GOLDMAN FINANCIAL, INC.**,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO TAKE DISCOVERY AND EXTEND MOTION FOR DEFAULT JUDGMENT DEADLINE

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Leave to Take Discovery and Extend Motion for Default Judgment Deadline ("Motion"), [ECF No. 10]. In the Motion, Plaintiff requests leave to take discovery to identify members of the Class and determine the amount of damages they are entitled to in advance of seeking entry of class certification and default judgment, and moves to extend the deadline to file his Motion for Default Judgment. Mot. at 1. The Court has reviewed the Motion and is otherwise duly advised. For the reasons stated herein, the Motion is **GRANTED**.

On February 12, 2025, Plaintiff filed a Complaint against Defendant Goldman Financial, Inc, [ECF No. 1], and a summons was issued as to Defendant. [ECF No. 3]. On March 27, 2025, Plaintiff filed proof of a summons executed on March 25, 2025, [ECF No. 5], which required Defendant to respond or answer by April 15, 2025. On April 16, 2025, the Court entered an Order to Show Cause ("OSC") requiring the Defendant to respond or answer and to show good cause for its failure to timely respond to Plaintiff's Complaint on or before April 25, 2025. [ECF No. 6]. The OSC also required Plaintiff to serve the OSC on Defendant on or before April 21, 2025, and

to file proof of that service on or before April 22, 2025. *Id.* Plaintiff filed a certificate of service showing compliance with the OSC on April 22, 2025. [ECF No. 7]. On April 28, 2025, the Court entered an Order Directing Clerk to Enter Default and Requiring Motion for Default Final Judgment, [ECF No. 8], and the Clerk entered Default as to Defendant Goldman Financial, Inc. the next day, [ECF No. 9]. On May 9, 2025, Plaintiff filed the instant motion. [ECF No. 10].

Plaintiff first requests leave to take discovery to identify members of the Class and to determine damages as contemplated by Rule 55(d)(2). Mot. at ¶ 5. Specifically, Plaintiff seeks to serve discovery on Defendant and any third parties involved in making the violative calls, to obtain call logs from them. *Id.* A class action "may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Fed. R. Civ. P. 23(a) have been satisfied." *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). "The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action." *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997). And "Plaintiff's burden to establish these requirements is not eliminated due to the fact that the defendant in this case is in default." *Leo v. Classmoney.net*, No. 18-CV-80813, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019).

Moreover, "[i]n circumstances such as those present here, where a plaintiff has filed a motion for a default judgment, but discovery is necessary to resolve issues such as class certification and damages, courts routinely permit the plaintiff to conduct limited discovery." *Cleveland v. Nextmarvel, Inc.*, No. CV TDC-23-1918, 2024 WL 198212, at *4 (D. Md. Jan. 18, 2024) (listing cases). Importantly, "[i]t would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to Defendant['s] [ ] failure to participate in this case." *Leo*, 2019 WL 238548, at *2. A clerk's entry of default does not change the analysis that a district court must complete in determining class certification because "any other conclusion might give defendants an incentive to default in

situations where class certification seems likely." *Leider v. Ralfe*, No. 1:01-CV-3137 HB FM, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part*, No. 01 CIV. 3137 (HB), 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003).  Thus, despite Defendant's failure to participate in this action, discovery is warranted for the purposes of assessing the prerequisites for class certification under Federal Rule of Civil Procedure 23.

Second, to allow adequate time to conduct discovery prior to moving for class certification and default judgment, Plaintiff requests that he be permitted 90 days within which to conduct discovery and move for class certification and default judgment on behalf of himself and the class.  Mot. at ¶ 6.  Given that the Court has determined it is appropriate to grant Plaintiff leave to conduct class-certification discovery, the Court additionally finds that there is good cause to grant the requested extension.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED**.  Plaintiff is hereby permitted to conduct discovery, and Plaintiff shall file a Motion for Default Final Judgment **on or before August 18, 2025**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of May, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**